IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CT-3095-D

LARRY R. TART, )
)
      Plaintiff, )
)
v. ) **ORDER**
)
BECKY SELLERS, et al., )
)
      Defendants. )

On April 26, 2013, Larry R. Tart ("Tart"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. Tart seeks leave to proceed in forma pauperis [D.E. 3]. Tart is incarcerated at Mountain View Correctional Institution ("MVCI"), and names as defendants correctional officers and an administrator at MVCI. Compl. 2–3. On May 2, 2013, Tart filed a motion to amend his complaint to correct the spelling of one defendant's name [D.E. 4]. On July 26, 2013, Tart filed a motion to transfer the case to the Western District of North Carolina [D.E. 9]. On September 11, 2013, Tart filed a motion for entry of default [D.E. 10].

Section 1391 of Title 28 of the United States Code provides the framework for determining proper venue in civil cases. When jurisdiction is not premised solely on diversity of citizenship, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Tart sues individuals who are employed at MVCI and alleges events that occurred at MVCI. See Compl. 3–5. MVCI is located in Mitchell and Avery Counties, North Carolina, in the Western District of North Carolina. See 28 U.S.C. § 113(c). Thus—as Tart recognizes—venue is proper in that district. See 28 U.S.C. § 1391(b). Moreover, in its discretion, the court may transfer this action pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). See, e.g., Porter v. Groat, 840 F.2d 255, 258 (4th Cir. 1988); Jenkins v. Albuquerque Lonestar Freightliner, LLC, 464 F. Supp. 2d 491, 493–95 (E.D.N.C. 2006). Therefore, the court grants plaintiff's motion to transfer.

Finally, as for Tart's motion for entry of default [D.E. 10], the motion is premature. Federal Rule of Civil Procedure 55 provides that an entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). No defendant's answer is due until after the defendant has been served with the summons and complaint. See Fed. R. Civ. P. 12. Because defendants have not been served with the summons and complaint, no answer is yet due.

In the interest of justice, the court GRANTS plaintiff's motion to transfer venue [D.E. 9]. The clerk shall TRANSFER this case to the United States District Court for the Western District of North Carolina, where venue is proper. The court also GRANTS plaintiff's motion to correct the spelling of defendant Sellers's name [D.E. 4], and DIRECTS the clerk to amend the docket to reflect the name Vickie Sellers. The court DENIES plaintiff's motion for entry of default [D.E. 10]. The court has not conducted a frivolity review and has not dismissed any parties at MVCI from this action. Those issues are best left for the transferee court.

SO ORDERED. This 23 day of October 2013.

                                                    JAMES C. DEVER III  
                                                    Chief United States District Judge