IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CT-3095-D

| | | |
|---|---|---|
| LARRY R. TART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| VICKIE SELLERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 26, 2013, Larry R. Tart ("Tart"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. On May 16, 2013, Magistrate Judge James E. Gates granted Tart's motion to proceed in forma pauperis [D.E. 8]. On October 23, 2013, the court granted plaintiff's motions to transfer venue and to correct the spelling of one defendant's name, denied plaintiff's motion for entry of default, and transferred the case to the Western District of North Carolina [D.E. 12]. On October 30, 2013, Tart filed a motion for reconsideration of the court's denial of his motion for entry of default [D.E. 13].

Federal Rule of Civil Procedure 54(b) provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Before a final order is entered, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). "Motions for reconsideration of interlocutory orders are not subject to the

strict standards applicable to motions for reconsideration of a final judgment," but are "committed to the discretion of the district court." Id.

Tart seeks reconsideration of the court's denial of his motion for entry of default on the grounds that he served all defendants on April 24, 2013, by mailing each defendant

> sep[a]rat[e]ly, at their place of employment, through the N.C. Department of Adult Corrections' Interoffice Mail System, certified, not[a]rized service's [sic], in Motion form, "NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS," . . . including a complete handwritten information promulgated text of the duty to avoid unnecessary cost's [sic] of service of summons warning's [sic] pursuant to Rule 84 of Fed. R. Civ. P. and its consequences of compliance and noncompliance towards Plaintiff[']s waiver request'(s) [sic].

Mot. Reconsider. 1–2 (some emphases in original omitted).

Tart's effort to serve the defendants fails for a number of reasons. First, it is unclear whether the defendants are subject to the provisions of Rule 4(d). See Moore v. Hosemann, 591 F.3d 741, 747 (5th Cir. 2009); Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007); Rashada v. City of Buffalo, No. 11CV873A, 2013 WL 474751, at *3 (W.D.N.Y. Feb. 6, 2013) (unpublished). Second, even if Rule 4(d) applies, it is unclear whether Tart complied with Rule 4(d), which requires him to send each defendant "two copies of [the] waiver form, and a prepaid means for returning the form." Fed. R. Civ. P. 4(d)(1)(C); see George v. HEK Am., Inc., 157 F.R.D. 489, 492 (D. Colo. 1994); Quann v. Whitegate-Edgewater, 112 F.R.D. 649, 652 (D. Md. 1986). Third, even if Tart validly requested waiver of service, it does not constitute formal service entitling him to entry of default. See Lepone-Dempsey, 476 F.3d at 1281; O.J. Distrib., Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 354 (6th Cir. 2003); Gonzalez v. Thomas Built Buses, Inc., 268 F.R.D. 521, 525 (M.D. Pa. 2010). Finally, even if Tart's mailing could be construed as an attempt at formal service, Tart himself may not serve defendants, see Fed. R. Civ. P. 4(c)(2), nor may

2

he attempt service before the court screens his complaint. See 28 U.S.C. § 1915A; Jones v. Smith, 234 F. App'x 249, 250 (5th Cir. 2007) (per curiam) (unpublished); Israel v. Cohn, 6 F. App'x 348, 351 (7th Cir. 2001); Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999); McGore v. Wrigglesworth, 114 F.3d 601, 604–05 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

In sum, the court DENIES plaintiff's motion for reconsideration [D.E. 13].

SO ORDERED. This 7 day of November 2013.

JAMES C. DEVER III
Chief United States District Judge